**FILED**
**Jul 08, 2019**
**07:15 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | |
|---|---|
| **TIMOTHY MAYS,** | ) Docket No.: 2018-02-0659 |
| **Employee,** | ) |
| **v.** | ) **State File No.: 93196-2018** |
| | ) |
| **MATTHEW PIERSON d/b/a** | ) **Judge Brian K. Addington** |
| **HANDYMAN CONSTRUCTION,** | ) |
| **Employer.** | ) |

## EXPEDITED HEARING ORDER
## (DECISION ON THE RECORD)

Timothy Mays filed a second Request for Expedited Hearing for his September 12, 2018 work injury. The Court reviewed the file and found it needed no additional information to determine whether Mr. Mays is likely to prevail at a hearing on the merits.[1] The case came before the Court on July 2, 2019, to decide whether Mr. Mays is entitled to medical and temporary disability benefits. Because the medical evidence supports his claim, the Court grants the requested relief.

### Claim History

Mr. Mays performed general carpentry work for Handyman Construction. He cut his left index and middle fingers on a table saw at work on September 12, 2018. Mr. Mays received emergency treatment and was ordered to follow up with an orthopedist. He could not afford one, so he returned to the emergency room on September 28. The emergency physician determined the wounds were healing and referred Mr. Mays to Dr. Ashraf Youssef.

When he saw Dr. Youssef, they discussed various treatment options, and Mr. Mays decided to proceed without surgery. On May 8, 2019, Dr. Youssef placed Mr. Mays off work from September 12, 2018, through July 16, 2019.

---

[1] The Court sent a docketing notice giving the parties ten business days to file objections and/or a brief. Handyman Construction did not respond.

Concerning Mr. Mays's work, Handyman Construction paid him by cash. The parties dispute the total amount Mr. Mays earned, but both acknowledged he earned $10.00 per hour.

According to the Expedited Request for Investigation Report, Handyman Construction did not have insurance; the injury occurred after July 1, 2015; and Mr. Mays resided in Tennessee at the time of accident. Further, Handyman Construction controlled the work, possessed the right of termination, provided the tools and equipment, and scheduled the working hours. Mr. Mays contacted an ombudsman with the Bureau on October 29, 2018, and discussed his claim for benefits and Handyman Construction's lack of insurance.

Mr. Mays contended he is entitled to medical and temporary disability benefits. He is seeking payment of his treatment with Dr. Youssef in the amount of $1,562.82, as well as temporary total disability benefits from September 12, 2018, through July 16, 2019.[2]

## Findings of Fact and Conclusions of Law

At an Expedited Hearing, Mr. Mays must come forward with sufficient evidence from which this Court might determine that he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Mr. Mays's affidavit was uncontroverted that his alleged injury arose primarily out of and in the course and scope of his employment, as required by Tenn. Code Ann. § 50-6-102(14) (2018). The Court holds he is likely to prevail at a hearing on the merits in proving his injury arose primarily out of and in the course and scope of his employment.

Mr. Mays is entitled to temporary total disability benefits if his work injury temporarily disabled him from working. Tenn. Code Ann. § 50-6-207. Mr. Mays presented uncontroverted evidence that Dr. Youssef took him off work from September 12, 2018, through July 16, 2019 due to his work injuries. The Court finds it reasonable to set Mr. Mays's average weekly wage at $400.00 with a corresponding compensation rate of $266.67. The Court holds he is entitled to temporary total disability benefits totaling $11,695.41.

Mr. Mays presented unrefuted evidence of Dr. Youssef's charges totaling $1,562.82. The Court holds Handyman Construction shall pay these medical bills.

---

[2] This Court issued an Expedited Hearing Order on April 26, 2019, awarding Mr. Mays medical treatment with Dr. Youssef.

2

Finally, concerning the payment of benefits, Handyman Construction must provide medical benefits and temporary total disability benefits as ordered. However, since it did not have workers' compensation insurance at the time of the injury, the Uninsured Employers Fund has *discretion* to pay *limited* medical expenses if certain criteria are met. (See attached Benefits Request Form.) Mr. Mays must establish, through his testimony, medical records, and the Bureau's Compliance report, that he proved or is likely to prove that he: 1) worked for an uninsured employer; 2) suffered an injury arising primarily in the course and scope of employment on or after July 1, 2015; 3) was a Tennessee resident on the date of injury; 4) provided notice to the Bureau of the injury and the employer's lack of coverage within sixty days of the injury; and, 5) secured a judgment for workers' compensation benefits against Handyman Construction for the injury. Tenn. Code Ann. § 50-6-801(d)(1)-(5).

The Court finds that Mr. Mays worked for an uninsured employer, Handyman Construction, and he is likely to prevail at a hearing on the merits that he suffered an injury arising primarily from employment on September 12, 2018. He was a Tennessee resident on that date, and he provided notice to the Bureau within sixty days of his injury and Handyman Construction's lack of insurance. This order serves as a judgment for benefits. The Court holds Mr. Mays satisfied all of the requirements of section 50-6-801(d).

**IT IS, THEREFORE, ORDERED** as follows:

1. Handyman Construction shall pay Dr. Youssef for Mr. Mays's treatment totaling $1,562.82. It shall also provide continuing treatment with Dr. Yousef.

2. Handyman Construction shall pay Mr. Mays $11,695.41 in temporary total disability benefits.

3. This case is set for a Scheduling Hearing on August 27, 2019, at 10:30 a.m. (ET). **The parties must call toll-free at 855-543-5044 to participate in the Hearing. Failure to call may result in a determination of the issues without your participation.**

4. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit confirmation within seven business days may result in a penalty assessment for non-compliance. For questions regarding compliance, contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED July 8, 2019.**

/s/ Brian K. Addington
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

## APPENDIX

### Exhibits/Technical Record

1. Petition for Benefit Determination
2. Mr. Mays's Affidavit
3. Request for Expedited Hearing
4. Dispute Certification Notice with attachments
5. Medical Records and Bills from Holston Valley Medical Center
6. Medical Records and Bills from Holston Medical Group-Dr. Youssef
7. Expedited Request for Investigation Report
8. Mary Perry's Affidavit

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on July 8, 2019.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Timothy Mays, Employee | X | | | 1017 W. Stone Drive, Apt. 323 Kingsport, TN 37660 |
| Matthew Pearson, Employer | X | | | 1794 Big Moccasin Dr. Nicklesville, VA 24271 |
| Amanda Terry, LaShawn Pender Compliance | | | X | amanda.terry@tn.gov lashawn.pender@tn.gov |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work
wc.ombudsman@tn.gov
1-800-332-2667

## REQUEST FOR BENEFITS FROM THE UNINSURED EMPLOYERS FUND

Eligible employees may use this form to request benefits from the Uninsured Employers Fund (UEF) if they are injured while working for an employer that failed to provide:

1. Workers' compensation insurance as required by the TN Workers' Compensation Law; and,
2. Medical and/or disability benefits as required by the TN Workers' Compensation Law.

This form **MUST be completed and sent via certified mail** to the following address:

Tennessee Bureau of Workers' Compensation
ATTN: UEF Benefit Manager
Uninsured Employers Fund
220 French Landing Drive, Suite 1B
Nashville, TN 37243-1002.

This form MUST be sent within sixty (60) calendar days after the claim is over and MUST include:

1. A court order stating your employer owes you benefits and that you may request UEF benefits;
2. A completed Internal Revenue Service (IRS) Form, W-9 Request for Taxpayer Information and Certification available at www.irs.gov; and
3. A completed Bureau of Workers' Compensation Form C31 Medical Waiver and Consent available on the "Forms" link at www.tn.gov/workerscomp.

I certify that I believe I am eligible for benefits from the UEF; that my employer has not paid all or part of the benefits I am due; and my employer has not complied with an order issued by the Court of Workers' Compensation Claims.

I, _____, request benefits from the Uninsured Employers Fund.
    (Print Your Name)

_____
Signature                                                    Date

Tennessee Law allows the State of Tennessee to recover payments made by the UEF for temporary disability benefits or medical benefits. An agreement between you and your employer for payment of benefits must be pre-approved by the UEF before being approved by a workers' compensation judge.

LB-3284 (NEW 4/19)                                              RDA 10183



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____ day of_____, 20___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                              RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

| | | |
|---|---|---|
| Groceries | $ _____ per month | Telephone     $ _____ per month |
| Electricity | $ _____ per month | School Supplies $ _____ per month |
| Water | $ _____ per month | Clothing      $ _____ per month |
| Gas | $ _____ per month | Child Care    $ _____ per month |
| Transportation | $ _____ per month | Child Support  $ _____ per month |
| Car | $ _____ per month | |
| Other | $ _____ per month (describe: _____ ) | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                                 RDA 11082